1   B. Alexander Moghaddam (SBN 141199)
    Law Offices of Alexander Moghaddam, PC
2   2001 Wilshire Blvd., Suite 210
    Santa Monica, CA 90403
3   Tel.: (310) 315-3442
    Fax: (310) 315-4144
4   Alex@Moghaddamlaw.com

5   Attorneys for Defendant
    HECNY SHIPPING LTD.

6

7

8                 **UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  CLEVO CO., a Taiwan corporation,        ) Case No.: 2:09-cv-09135 MMM(MAN)
                                             )
12            Plaintiff,                     ) Honorable Margaret M. Morrow
                                             )
13                                           )
                                             )
14     vs.                                   ) **DEFENDANT HECNY SHIPPING**
                                             ) **LTD.'S NOTICE OF MOTION AND**
15  HECNY SHIPPING LTD., a Hong              ) **MOTION TO DISMISS FIRST**
    Kong corporation; HECNY GROUP,           ) **AMENDED COMPLAINT UNDER**
16  MANAUS-AM, BRASIL and                    ) **FEDERAL RULE 12(b)(5) FOR**
                                             ) **INSUFFICIENT SERVICE OF**
17  HECNY TRANSPORTATION,                    ) **PROCESS; MEMORADUM OF**
    INC., a California corporation           ) **POINTS AND AUTHORITIES**
18  .                                        )
                                             )
19            Defendants.                    )
                                             ) Date: September 27, 2010
20                                           ) Time: 10:00 a.m.
                                             ) Courtroom: 780
21                                           )
                                             )
22                                           )

23

24       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that on September 27, 2010 at 10:00 a.m., or as

26  soon thereafter as the matter may be heard, in Courtroom 780 of the above-entitled

27  Court, located at 255 E. Temple St., Los Angeles, CA 90012, Defendant Hecny

28

Shipping Ltd. ("HSL") will move this Court to dismiss the First Amended Complaint as to HSL for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and this Court's Order to Continue Scheduling Conference dated April 23, 2010.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 27, 2010.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Declarations of B. Alexander Moghaddam and Bruce Chen filed concurrently herewith, and such other and further evidence as may be presented prior to the hearing on the motion.

Dated:  August 2, 2010

LAW OFFICES OF ALEXANDER MOGHADDAM, PC

By: /B. Alexander Moghaddam/
B. ALEXANDER MOGHADDAM
Attorneys for Defendant HECNY
SHIPPING LTD.

DEFENDANT HECNY SHIPPING LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FEDERAL RULE 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS; MEMORADUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION.

Plaintiff Clevo Co. ("Clevo") has failed to properly serve a Summons and the First Amended Complaint on HSL.  Although Clevo has filed a Certificate of Service and a Proof of Service purporting to have sent by FedEx the Summons and First Amended Complaint to "Charlie C.K. Lee, President and Chairman of the Board" of HSL and to have delivered the same to Mr. Lee at HSL's offices in Hong Kong on July 12, 2010, such delivery did not, in fact, occur.  The Summons and First Amended Complaint (1) were not delivered by FedEx to Mr. Lee - or to anyone else - at the address indicated in the Proof of Service and (2) Mr. Lee does not have an office at that address and is not the President or Chairman of HSL and is not, and was not, otherwise authorized to accept service for HSL on July 12, 2010.

The Court in its Order to Continue Scheduling Conference dated April 23, 2010, ordered that, if Plaintiff failed to serve HSL by July 12, 2010, the court would dismiss HSL from the case.  Accordingly, the First Amended Complaint as against HSL must now be dismissed.

## II.      STATEMENT OF FACTS.

Plaintiff and Defendant Hecny Transportation, Inc. (a California Corporation and separate company from HSL) filed a stipulation with the court on April 23, 2010, requesting a continuance of the initial Scheduling Conference date of May 3, 2010, to July 12, 2010, to give Plaintiff more time to attempt to serve HSL.  On the same day the stipulation was filed, the Court granted the stipulation and ordered that, "[i]f service is not effected by July 12, 2010, the court will dismiss the un-served defendant without prejudice and proceed with the action."  (Declaration of

B. Alexander Moghaddam ¶2 and Ex. "1" thereto; Court Docs. 14 & 15)

(Emphasis added.)

On July 16, 2010, Clevo filed a Certificate of Service and a Proof of Service, representing to the Court that, on July 8, 2010, Clevo sent a FedEx package containing, among other things, a Summons and the Amended Complaint and that the package was "delivered July 12, 2010 at 12:07 p.m." to:

> "Charlie C.K. Lee, President and Chairman of the Board
> Hecny Shipping LTD
> 111 Wai Yip St., 11/F, Kwun Tong, HK 05000"

(Moghaddam Declaration ¶3 and Ex. "2" thereto; Court Doc. #20).

The Proof of Service is inaccurate on several grounds, and proper service has not been effected on HSL. First, Charlie C.K. Lee is not, and was not on July 12, 2010, either the President or Chairman of HSL. He does not, and did not on July 12, 2010, have an office at the address indicated in the Proof of Service. Mr. Lee is a shareholder and non-executive director, but was not, in any event, authorized to accept service on behalf of HSL on July 12, 2010. (Declaration of Bruce Chen ¶4.)

Second, the Summons and First Amended Complaint were <u>not</u> delivered by FedEx on July 12, 2010, and have not since been delivered by FedEx or any other courier service, to anyone at the address indicated in the Proof of Service.[1] (Chen Decl. ¶3.)

Third, HSL's registered offices in Hong Kong are on the <u>tenth</u> floor of the building at the address indicated in the Proof of Service. (Chen Decl., ¶2.)

Finally, and notably, Plaintiff did not attach a declaration by anyone with personal knowledge of any actual delivery by any courier, or any executed receipt of actual delivery by any courier, to the Certificate of Service or Proof of Service.

---

[1] The FedEx messenger apparently instead delivered the package to an employee of a warehouse, a company called Hecny Transportation Limited, located on the ground floor of the building.

1  Instead, these documents include only the declarations of Sissel Browder, a

2  paralegal at the Menlo Park, California, office of Plaintiff's counsel, who, HSL

3  respectfully submits, likely has no personal knowledge of what did or did not occur

4  in Hong Kong on the pertinent dates.[2]

5

6  ### III.   THE PURPORTED SERVICE OF PROCESS WAS INSUFFICIEENT

7  AND THE FIRST AMENDED COMPLAINT SHOULD BE

8  DISMISSED AS AGAINST HSL

9       It is fundamental that "[b]efore a federal court may exercise personal

10  jurisdiction over a defendant, the procedural requirement of service of summons

11  must be satisfied." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97,

12  104 (1987), *superseded by statute on other grounds,* Futures Trading Practices Act

13  of 1992, Pub.L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992). "Neither

14  actual notice, nor simply naming the person in the caption of the complaint, will

15  subject defendants to personal jurisdiction if service was not made in substantial

16  compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.

17  1982) (internal citations omitted).  Once service of process is challenged, the

---

[2] Defendant HSL notes that, on Tuesday, July 27, 2010 the parties agreed to treat Monday, August 2, 2010, as the last day for HSL to respond to the First Amended Complaint, assuming proper service had been effected on July 12, 2010.  On the same day, HSL requested, by e-mail, a one-week extension for the response to the First Amended Complaint, from August 2 to August 9, 2010.  Counsel for Clevo initially responded by refusing to grant an extension without HSL's agreement to waive any motion challenging service.  Later that day, counsel for Clevo agreed to the requested extension, after being informed, by telephone, that HSL was in fact considering a motion to dismiss for insufficient service of process under Rule 12(b)(5) and that, indeed, HSL would be more likely to file such a motion if it were compelled to file a response by August 2.  It was agreed that HSL's attorney would send Clevo's counsel a stipulation on the extension on July 29, 2010.  The stipulation was e-mailed to counsel for Clevo at about 1:00 p.m. on July 29, and at about 6:00 p.m. of the same day Clevo's counsel advised that she would not sign the stipulation. (Moghaddam Decl. ¶¶ 4-9 and Exhibits 3-9 thereto.)  Counsel for the parties also had at least two telephone conversations on July 27 regarding the bases for a motion to dismiss for insufficient service and possible resolutions. (Moghaddam Decl. ¶ 6 and Exh. 4 thereto.)

1  plaintiff bears the burden of establishing that service was valid.  *Brockmeyer v.*

2  *May,* 383 F.3d 798, 801 (9th Cir. 2004).

3        A.   **Evidence Adduced in Support of This Motion Rebuts Plaintiff's**

4             **Purported Proof of Service, And Plaintiff's Proof of Service Is**

5             **Also Insufficient For Lack of Any Declaration Based Upon**

6             **Personal Knowledge of Actual Delivery**.

7        A signed return of service ordinarily constitutes prima facie evidence of

8  valid service.  *See S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161,

9  1166 (9th Cir. 2007).  This principle does not assist Plaintiff in this case, however,

10  for at least two reasons.

11        First, any prima facie showing of service is rebuttable.  *Blair v. City of*

12  *Worcester*, 522 F.3d 105, 112 (1st Cir. 2008) ("the defendants effectively rebutted

13  any presumption that might have arisen from the returns of service" and "the

14  ultimate burden of proving proper service returned to the plaintiffs").  In the

15  present case, the Summons and First Amended Complaint were not served upon

16  HSL as represented in the Proof of Service.  The Summons and First Amended

17  Complaint were not delivered by FedEx to HSL's offices on July 12, 2010.

18        Second, as discussed above, Plaintiff has not submitted any declaration by

19  any person with knowledge of what did or did not occur in Hong Kong.  Neither

20  the Certificate of Service nor the Proof of Service is valid evidence – prima facie

21  or otherwise – that any courier in fact delivered the papers to HSL in Hong Kong.

22  Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is

23  introduced sufficient to support a finding that the witness has personal knowledge

24  of the matter.").

25        B.   **Plaintiff Has Not Complied With Rule 4.**

26        No part of Rule 4 affirmatively authorizes service by "courier" – which is

27  the only purported method of service claimed in the Certificate of Service and

28  Proof of Service.  *See Brockmeyer*, 383 F.3d at 800 ("For service by international

1    mail to be effective in federal court, it must ... be affirmatively authorized by some

2    provision in federal law.").  Although it is not clear which provision of Rule 4 the

3    Plaintiff might purport to rely upon, it is clear that Plaintiff cannot rely on Rule

4    4(f)(2)(C)(ii), which in some circumstances, "unless prohibited by the foreign

5    country's law," allows service "by using any form of mail that the clerk addresses

6    and sends to the individual and that requires a signed receipt."  Fed. R. Civ. Proc.

7    4(f)(2)(C)(ii).  "This rule authorizes service abroad by mail for which a signed

8    receipt is required, when such mail is addressed and mailed by the clerk of the

9    federal district court in which the suit is filed."  *Brockmeyer*, 383 F.3d at 804.

10   None of the requirements of Rule 4(f)(2)(C)(ii) has been satisfied here.

11        First, there is authority that delivery by Federal Express is not "mail" for

12   purposes of Rule 4.[3]  *See Audio Enterprises, Inc. v. B. & W Loudspeakers*, 957

13   F.2d 406, 409 (7th Cir. 1992) (complaint should have been dismissed for

14   insufficiency of service of process where summons and complaint were sent to

15   defendant by Federal Express), *cited with favor in Magnuson v. Video Yesteryear*,

16   85 F.3d 1424, 1430 (9th Cir. 1996) (holding "that Federal Express does not satisfy

17   the requirements of Rule 5(b)").  Second, neither the Certificate of Service nor the

18   Proof of Service indicates that the clerk of the Court was involved in the purported

19   service by courier.  *See Brockmeyer*, 383 F.3d at 809 (service by international mail

20   that did not involve court clerk was insufficient).  Third, Plaintiff has not submitted

21   any courier's receipt signed by any authorized representative of HSL, as required

22   by Rule 4(l)(2)(B).  Fed. R. Civ. Proc. 4(l)(2)(B) (proof of service under Rule

23

24   [3] One District Court in the Ninth Circuit has observed that the Courts are not in
     agreement on whether Federal Express constitutes "mail."  *See Power Integrations,*
     *Inc. v. System General Corp.*, 2004 WL 2806168 *2 n. 3 (N.D. Cal. 2004).  The
25   Plaintiff in this case is not assisted by any case that has found (contrary to the
     appellate decisions cited in the text above) that FedEx is "mail," because the
26   Plaintiff has not complied with the other requirements of Rule 4(f)(2)(C)(ii) – *i.e.*,
     dispatch by the Court clerk, and proof of a receipt signed by an authorized agent of
27   HSL.  In *Power Integrations*, for example, it was undisputed that the defendant
     challenging service had "received and signed for the package dispatched by the
28   Clerk of the Court."  *Id.* at * 1 and 3 n. 3.  There is no such evidence in this case.

1   4(f)(2) must be proven by "a receipt signed by the addressee, or by other evidence

2   satisfying the court that the summons and complaint were delivered to the

3   addressee"); *SAT Intern. Corp. v. Great White Fleet (US) Ltd.*, 2006 A.M.C. 1108,

4   2006 WL 661042 * 16 (S.D.N.Y. 2006) (granting Rule 12(b)(5) motion to dismiss

5   where plaintiff "failed to file a receipt of service or any other proof of service ... as

6   required by Rule 4(l)").

7        Therefore, pursuant to pursuant to Rule 12(b)(5) and this court's April 23,

8   2010, Order, the First Amended Complaint as against HSL must be dismissed.

9   **IV.    CONCLUSION.**

10       For the foregoing reasons, Defendant HSL respectfully requests that the

11  instant motion be granted and the First Amended Complaint as against HSL be

12  dismissed without prejudice.

13

14       Dated:  August 2, 2010            LAW OFFICES OF ALEXANDER
                                            MOGHADDAM, PC
15

16

17                                         By: /B.  Alexander Moghaddam/
                                                 B. ALEXANDER MOGHADDAM
18
                                           Attorneys for Defendant HECNY
19                                         SHIPPING LTD.

20

21

22

23

24

25

26

27

28

**DEFENDANT HECNY SHIPPING LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT UNDER FEDERAL RULE 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS; MEMORADUM OF
POINTS AND AUTHORITIES**