1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVO CO, a Taiwan Corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>HECNY SHIPPING LTD, a HONG KONG Corporation; HECNY GROUP, MANAUS-AM, BRASIL and HECNY TRANSPORTATION, INC, a California Corporation.<br><br>                Defendants. | Case No.: CV-09-9135 MMM (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES**<br><br>Honorable Margaret A. Nagle<br>Courtroom: 580<br><br>Complaint Filed:   December 11, 2009<br>FAC Filed:          January 4, 2010<br>SAC Filed:          November 17, 2010 |

LEGAL02/32208207v1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation"), filed on December 3, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 1(b), 2, 5, 13, 14, 15, and 16 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or other designation(s) used by parties does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or other designation(s) used by parties is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or other designation(s) used by parties does not — without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir.

2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.   Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## TERMS OF PROTECTIVE ORDER

1. This Order shall govern:

   a. all testimony at depositions;

   b. all documents, information, materials or things produced by any party or third-party**, who or which has entered into a stipulation to be bound by this Protective Order,** in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

   c. all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, or other materials.

   The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

2. Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

2

pursuant to the terms of this Protective Order. Discovery Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL will be referred to as "Designated Materials." All designations must be made in good faith and on reasonable belief that the designation accurately reflects the definition of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials.

a. Materials marked "CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that the **party making the designation (the "**Designating Party**")** in good faith reasonably believes to comprise proprietary or confidential information (including but not limited to trade secrets, confidential research, or commercial information, such as costs, pricing, financial data, marketing plans and strategies, and any other confidential or proprietary information not shared or disclosed to third parties) **by** the Designating Party.

b. Subject to the provisions of paragraph 17, *infra,* materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes to comprise trade secrets, or other competitively sensitive confidential information, and financial or other commercial information of the Designating Party, the disclosure of which would be likely to cause competitive harm. Discovery Materials may only be designated HIGHLY CONFIDENTIAL if the Designating Party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

c. A Designating Party has the right to have persons present in the inspection room at all times during any inspection of Discovery Materials by counsel for the party receiving the Discovery Materials (the "Receiving Party"). If the Designating Party does have a person present in the inspection room during inspection by counsel for the Receiving Party, another room nearby shall be set

3

aside for counsel to confer and to review discovery materials. In addition to counsel for the Receiving Party, the Receiving Party may also have present during any inspection of Discovery Materials individuals meeting the criteria set forth in Paragraphs 5(a), 5(b), and 6, *infra*. All Discovery Materials produced for inspection and the information contained therein shall be treated as "HIGHLY CONFIDENTIAL" prior to the receipt of copies of materials. Upon receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

3.     Discovery Materials shall be used by the Receiving Party solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

4.     Information designated as "CONFIDENTIAL" shall be used by the Receiving Party solely for the purposes of litigation between the parties, and may be disclosed only to the following persons:

a.     any employee or former employee of a party to whom it is deemed necessary that the documents be shown for purposes of the litigation, provided that any such employee or former employee shall be advised that they are subject to the terms of this Protective Order before being provided Designated Materials;

b.     outside counsel for the respective parties, and employees of and independent contractors (not including experts) for outside counsel that are engaged to assist in this litigation. The term "outside counsel" shall mean the attorneys and their firms who have entered an appearance in this case and the law firm of Hoppel Mayer & Coleman of Washington, DC. If any party seeks to add additional law firms, it shall notify the opposing party(ies) of the intended addition. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the additional law firm shall acknowledge in writing that it is familiar with and agrees to comply with all provisions of this Protective Order;

c.      experts or consultants retained for purposes of this litigation, but only to the extent necessary to:  (a) prepare a written opinion, (b) prepare to testify in the Litigation, or (c) assist counsel in the prosecution of the Litigation; provided that such expert or consultant (i) is using the Confidential material solely in connection with the Litigation, and (ii) signs the acknowledgement in the form of Exhibit 1 attached to this Protective Order before being provided Designated Materials;

d.      witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the Designated Materials is necessary, and any person being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the Designated Material is necessary in connection with such testimony; persons to whom Designated Materials are disclosed pursuant to this subparagraph may not be permitted to retain copies of the Designated Materials;

e.      the author of the document and anyone shown on the document as having received it in the ordinary course of business;

f.      court reporters and persons preparing transcripts of depositions;

g.      in-house lawyers for the respective parties, and employees regularly engaged in clerical work for such in-house lawyers, provided that any such lawyers or employees thereof shall sign the Acknowledgement attached to this Protective Order before being provided Confidential materials;

h.      the Court, Court personnel, and jurors or potential jurors;

i.      third party witnesses who have lawful access to the Designated Materials; and

[PROPOSED] PROTECTIVE ORDER

j.    any other person only upon order of the Court, or upon stipulation of the Designating Party, in writing or on the record of a deposition, or at a hearing or trial.

5.    Information designated as "HIGHLY CONFIDENTIAL" shall be used by the Receiving Party solely for the purposes of litigation between the parties and may be disclosed only to the following persons:

a.    outside counsel for the respective parties, and employees of and independent contractors (except for experts) for outside counsel engaged to assist in this action. The term "outside counsel" shall have the same meaning as defined in paragraph 4(b) above, and the same restrictions, terms and conditions set forth in paragraph 4(b) above shall apply equally to this paragraph 5;

b.    experts or consultants retained for purposes of this litigation, but only to the extent necessary to:  (a) prepare a written opinion, (b) prepare to testify in the Litigation, or (c) assist counsel in the prosecution of the Litigation; provided that such expert or consultant (i) is using the Designated Material solely in connection with the Litigation, (ii) signs the Acknowledgement attached as Exhibit 1 to this Protective Order before being provided Designated Materials;

c.    the author of the document and anyone shown on the document as having received it in the ordinary course of business;

d.    a current officer or director of the Designating Party for purposes of questioning the officer or director as a witness at a deposition, hearing, or trial, provided that the Designated Materials to be shown the witness relate to the topics on which the witness has been demonstrated to have knowledge;

e.    court reporters and persons preparing transcripts of depositions;

f.    the Court, Court personnel, and jurors or potential jurors; and

g.     any other person only upon order of the Court, or upon stipulation of the Designating Party, in writing or on the record of a deposition, **or at a** hearing or trial.

6.     Procedures for approving disclosure of "HIGHLY CONFIDENTIAL" Material to Experts:

a.     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL" must notify the Designating Party prior to the disclosure of the "HIGHLY CONFIDENTIAL" material in writing with information that sets forth the full name of the Expert and identifies the Expert's current employer(s). The Designating Party shall not contact Experts so disclosed, and shall not contact Experts' employers regarding the instant action.

b.     A Receiving Party that provides notice as specified in the preceding paragraph may disclose Designated Materials to the identified Expert after it has provided the Designating Party with a signed copy of Exhibit 1 by the Expert.  If the Designating Party objects to the disclosure of the Designated Materials to the Expert, then within seven court days of delivering the notification and signed copy of Exhibit 1 the Designating Party must serve a written objection to the Receiving Party.  Any such objection must set forth in detail the grounds on which it is based.

c.     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Designating Party may file a motion seeking an order from the Court to prevent the disclosure and quash any expert testimony based upon the disclosure.  Any such motion must, inter alia, describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is unreasonable, and

assess the risk of harm that the disclosure would cause.  In addition, any such motion must be accompanied by a competent declaration in which the Designating Party describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Receiving Party for its need to disclose the Designated Material.

7.     Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Protective Order, or otherwise required by law.  Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Protective Order.

8.     The recipient of Designated Materials provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Protective Order, and labeled in the same manner as the Designated Materials on which they are based.

9.     In the event a Party deems it necessary to disclose any Materials designated as "CONFIDENTIAL" to any person not specified in paragraph 4, or to disclose any Material designated as "HIGHLY CONFIDENTIAL" to any person not specified in paragraph 5 (the "Proposed Disclosure"), that party shall notify counsel for the producing Designating Party in writing of:  (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made.  The Proposed Disclosure shall not be made absent written permission of the

8

Designating Party, unless the party wishing to make the Proposed Disclosure obtains an order from the Court permitting the Proposed Disclosure. Counsel shall obtain from all persons to whom disclosures are made pursuant to this paragraph 9 a written acknowledgement, substantially in the form of Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this Protective Order, will comply with its terms in all respects and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person or persons have complied with the terms of this Protective Order.

10.    In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege, the party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall notify the party to whom the inadvertent disclosure was made; the party to whom the inadvertent disclosure was made shall then immediately return such material and all copies the party made thereof. Also, in the event any party hereto receives any document from another party that upon its face is subject to the attorney-client privilege, attorney work product doctrine, or any other privilege, that party shall immediately return such document and all copies the party made thereof to the party who produced the document.

11.    Disclosing parties shall designate Discovery Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

a.    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Designated Materials shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose Designated Materials the

[PROPOSED] PROTECTIVE ORDER

LEGAL02/32208207v1

deponent has had access, which counsel shall designate fifteen (15) days after counsel's receipt of a certified transcript from the court reporter.  If a portion of a deposition is designated as Designated Materials before the deposition is transcribed, the transcript of the "Designated Materials" shall be bound in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.  If a portion of a deposition is designated as Designated Materials during the course of a deposition, counsel may request all persons, except persons entitled to receive Designated Materials pursuant to this Protective Order, to leave the room while the deposition is proceeding until completion of the answer or answers containing Designated Materials. If a portion of a deposition is designated as Designated Materials after the deposition is transcribed, counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Designated Materials, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL." If no designation is made within fifteen (15) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials;

    c. Transcripts of depositions or documentation produced in the action will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. The parties shall use their best efforts to include Designated Materials in Court filings only when necessary, and shall, to the extent possible, file redacted versions of sealed filings that redact any portions of those filings that contain or reflect Designated Materials.  If a motion to seal is pending, any materials filed under seal shall remain under seal and shall not be disclosed to any person other than Court personnel, opposing counsel, and any other person permitted under the terms of this Protective Order to have access to

Designated Materials until the Court has ruled on that motion. If the Court grants the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Protective Order or other Court Order. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

        d.     Any Designated Materials produced in a non-paper media (e.g. videotape, audiotape, computer disk, *etc.*) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and the hard copy, transcription or printout shall be treated as it is designated.

        12.    If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such materials. If the material is appropriately designated as "Confidential" or "Highly Confidential" after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Protective Order.

        13.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the Designating Party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days or such

[PROPOSED] PROTECTIVE ORDER

shorter time as may be necessary in the circumstances after the objection is received, the party seeking to de-designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may file a motion requesting that this Court determine whether the disputed material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order. The burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the Designating Party. Discovery Material designated as Designated Materials shall retain this status as well as its category of designation until such time as either: (a) the parties expressly agree otherwise in writing; (b) the Court orders otherwise, unless such order is stayed pending appellate review**; or (c) the materials are introduced into evidence in connection with trial or a dispositive motion and no sealing order has been requested or a sealing order has not been entered by the Court.**

14.     In the event that any Designated Material is used in any Court proceeding in connection with this litigation (other than trial **or in connection with a dispositive motion**) it shall not lose its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

15.     In the event that the case proceeds to trial **or that a dispositive motion is filed**, any Designated Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

16.     If Designated Materials **are** disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and

1    remedies of the parties, make every effort to prevent further disclosure by it or by the

2    person who was the recipient of such information.

3              17.    In the event any Receiving Party having possession, custody or

4    control of any Discovery Materials provided by the Designating Party receives a

5    subpoena or other process or order to produce in another legal proceeding the

6    Discovery Materials, such Receiving Party shall notify counsel for the Designating

7    Party of the subpoena or other process or order, furnish counsel for the Designating

8    Party with a copy of said subpoena or other process or order, and cooperate with

9    respect to all reasonable procedures sought to be pursued by the Designating Party

10   whose interests may be affected.  The Designating Party shall have the burden of

11   defending against such subpoena, process or order.  The Receiving Party shall be

12   entitled to comply with the subpoena or other process or order except to the extent the

13   Designating Party is successful in obtaining an order modifying or quashing the

14   subpoena or other process or order.

15             18.    Entering into, agreeing to, and/or producing or receiving

16   information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or

17   otherwise complying with the terms of this Protective Order shall not:

18             a.     operate as an admission by any party that any material

19   designated by another party or non-party actually contains or reflects trade secrets or

20   other confidential information;

21             b.     reduce in any way the rights of the parties or non-parties from

22   whom discovery may be sought to object to a request for discovery or to the

23   production of documents or materials that they may consider not subject to discovery

24   or privileged from discovery;

25             c.     prejudice in any way the rights of any party to object to

26   the authenticity or admissibility of any document, materials, or testimony that is

27   subject to this Protective Order;

28

13

[PROPOSED] PROTECTIVE ORDER

d.      prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; and/or

e.      prevent the parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both parties.

19.     This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in the Protective Order.

20.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, trade secret, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law both foreign and domestic.

21.     Nothing contained herein shall preclude a producing entity from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

22.     After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other Order of this Court.  The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

23.     All Designated Material subject to this Protective Order shall be returned to the Designating Parties upon termination of this action (or, upon written permission by the Designating Party, destroyed).  Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a

14

[PROPOSED] PROTECTIVE ORDER

1  stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable

2  order disposing of this case; or (c) the expiration of the time for any appeal. Upon

3  such termination, counsel of record for the Receiving Party shall notify counsel for the

4  Designating Party of compliance.  Counsel for the Receiving Party shall make a

5  reasonable effort to retrieve any documents or information subject to this Protective

6  Order from any person to whom such information has been given, and shall notify

7  counsel for the Designating Party of the failure to retrieve any such information.

8      Such information shall include descriptive detail of any document not returned

9  or destroyed.  Nothing in this paragraph shall preclude outside counsel from retaining

10  after termination of this action one copy of (a) pleadings, motions, and memoranda

11  filed with the Court; and (b) deposition, hearing and trial transcripts and exhibits,

12  provided, however, that such counsel may not disclose retained materials that

13  contain Designated Materials to any other person and shall keep such retained

14  materials in a manner reflecting their confidential nature.

15

16      **IT IS SO ORDERED.**

17

18  DATED:  December 17, 2010

19                                                _____
                                                 *Margaret A. Nagle*

20                                                MARGARET A. NAGLE
                                                 UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Entered Pursuant to the Stipulation of the Parties ("Protective Order") that was issued by the United States District Court for the Central District of California on December 17, 2010, in the case of **CLEVO CO. v. HECNY SHIPPING LTD., et al., Case No.: 2:09-cv-09135 MMM (MAN).** I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

                    [printed name]

Signature:_____